PAUL J. J. ERICKSON v. WILLIAM KOCH AND OTHERS.[1]

July 2, 1926.

No. 25,375.

**Verdict for assault, as reduced by trial court, not excessive and charge as to punitive damages correct.**

In an action to recover damages resulting from an assault the record has been examined and it is *held:*

(1) That a verdict for $1,250 is not excessive.

(2) That the evidence was sufficient to sustain the verdict.

(3) That the evidence is of such character as to permit the jury to draw an inference that injuries were not temporary.

(4) That it was the duty of counsel to call the court's attention to an instruction permitting the jury to consider a $15 doctor bill in the absence of evidence proving its necessity or value.

(5) The evidence required an appropriate charge as to punitive damages which was given.

Appeal and Error, 3 C. J. p. 850 n. 24.
Assault and Battery, 5 C. J. p. 697 n. 28; p. 709 n. 75; p. 788 n. 2.

Action in the district court for Kanabec county for assault. The case was tried before Stolberg, J., and a jury which returned a verdict in favor of plaintiff. Defendants appealed from an order denying their motion for a new trial on condition plaintiff consented to a reduction of the verdict. Affirmed.

*Francis Muekel,* for appellants.

*P. S. Olsen,* for respondent.

WILSON, C. J.

Appeal from an order denying a motion for a new trial. The order granted a new trial unless the plaintiff would consent to a reduction in the verdict from $2,000 to $1,200. Plaintiff consented to such reduction. The action is to recover damages resulting from an assault.

[1]Reported in 209 N. W. 624.

1. The claim that the verdict is excessive has, in the judgment of this court, been sufficiently met by the trial court in making a reduction thereof. There is evidence that two of the defendants beat the plaintiff with clubs while the other held and kicked him in the face; that he was struck on the small of the back and on the left hip with clubs causing a lump which was black and blue and he was made lame; that he was bruised in the face; that he had a black eye for nearly a month; that his eyesight has been impaired; that the effects of the blows on the back were still present at the time of the trial which was about 15 months after the alleged assault, and he was unable to work for about 10 days and was required to pay about $15 for medical services. The evidence justified an instruction given by the court relative to punitive damages which is an important element in considering the amount of the verdict.

2. The sufficiency of the evidence is challenged and it is particularly urged that the evidence is speculative as to who hit the plaintiff with a club. Appellant points to the following testimony given by plaintiff:

Q. "How did you come to have him down on the ground?

A. "After he hit me across the back, naturally I had to go down with the clubs.

Q. "Who hit you with the clubs?

A. "I can't say for sure, either Fred Jr. or Sr."

But appellant ignores other testimony of plaintiff such as this:

Q. "Who beat you with clubs?

A. "It was Fred Jr. and Fred Sr.

Q. "What was William Koch doing while they were doing that?

A. "He was holding me by my head and around my body so that I was helpless and kicking me in the face. The clubs that were used [seemed] to me were cord stove wood cut about three inches in diameter. * * *

Q. "Where did they hit you with the clubs?

A. "Across the small of my back and my hips."

This is sufficient to justify the jury without indulging in speculation or conjecture in concluding that all of the defendants participated in the assault.

3. The evidence is sufficient to warrant the court in permitting the jury to determine whether the injuries were of a temporary or permanent character. The defective eyesight and the effect of the injury to the back continuing for a period of about 15 months would make it permissible for the jury to infer that the injuries were not temporary.

4. It is claimed that the trial court erred in permitting the jury to consider the doctor's bill as an element of damages because there was no evidence to show the reasonable value of the same. The plaintiff was permitted without objection to testify as to the amount that he paid for medical services because of the assault. The amount being $15 is so small this court will not take time to consider whether there was any evidence in the record directly touching the necessity or the reasonable value of such medical services. If there was no such evidence counsel should have called the court's attention to that fact when the charge was given. Such a trivial inadvertence would have been corrected had attention been directed to it. No exception was taken to the charge.

5. The court appropriately charged as to punitive damages. It is urged that this was error especially as to Fred Koch Sr. and Fred Koch Jr. on the theory that the evidence did not establish an action against them for even compensatory damages. This is sufficiently answered by what we have already said. If the three defendants were guilty of the conduct attributed to them by the plaintiff the instruction was imperative.

Affirmed.